**Electronically Filed
Intermediate Court of Appeals
30652
15-JUN-2012
08:24 AM**

NO. 30652

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANGELA BROWN, Individually and as Special
Administrator of the ESTATE OF RYAN CORNELL,
Plaintiff/Appellant,
v.
ROMEO E. MARQUEZ,
Defendant/Cross-Claim Plaintiff/Appellee,
ARAKAKI MECHANICAL, LLC,
Defendant/Cross-Claim Defendant/Appellee,
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
and DOE GOVERNMENTAL ENTITIES 1-10,
Defendants/Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0154)


MEMORANDUM OPINION
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

In this appeal arising out of a personal injury lawsuit, Plaintiff/Appellant Angela Brown (Brown), Individually and as Special Administrator of the Estate of Ryan Cornell (Cornell), appeals from the Final Judgment filed on July 30, 2010 in the Circuit Court of the Second Circuit (circuit court).[1] Pursuant to the Order Granting Summary Judgment, the circuit court entered judgment in favor of Defendant/Cross-Claim

_____

[1] The Honorable Joel E. August presided.

Defendant/Appellee Arakaki Mechanical, LLC (Arakaki) and against Brown in Counts II and III of Brown's First Amended Complaint (Complaint). Pursuant to the Order of Dismissal and the Order Granting Summary Judgment, the circuit court entered judgment in favor of Arakaki and against Defendant/Cross-Claim Plaintiff/Appellee Romeo E. Marquez (Marquez) on all cross-claims filed by Marquez. Pursuant to the Order Granting Defendant [Marquez's] Petition for Approval of Good Faith Settlement, the circuit court entered judgment in favor of Marquez and against Brown in Counts I and III of Brown's Complaint.

On appeal, Brown contends the circuit court erred in granting summary judgment in favor of Arakaki on the issue of *respondeat superior* liability when the circuit court failed to properly apply enterprise theory and failed to recognize an applicable exception to the "going and coming" rule.

## I. BACKGROUND

This case arises out of a motor vehicle accident on December 12, 2007 on the island of Maui between the automobile driven by Marquez and the motorcycle driven by Cornell. As a result of the accident, Cornell was fatally injured and Marquez sustained injuries. Brown, Cornell's mother, filed her Complaint on October 20, 2008, alleging negligence of Marquez under Count I, liability of Arakaki based on the theory of *respondeat superior* and negligence under Count II, and loss of consortium due to Marquez's conduct under Count III.

On August 3, 2009, Arakaki filed a Motion for Summary Judgment (MSJ) on all claims against it. On February 25, 2010, the circuit court heard argument on the motion. On May 12, 2010, the circuit court issued its "Order Granting [Arakaki's] [MSJ]." On July 30, 2010, the circuit court issued its Final Judgment. Brown timely filed her Notice of Appeal.

## II. STANDARDS OF REVIEW

### A. Summary Judgment

[An appellate] court reviews a trial court's grant of summary judgment de novo. O'ahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005). The standard for granting a motion for summary judgment is well settled:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, [the appellate court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Price v. AIG Hawai'i Ins. Co., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005) (original brackets and citation omitted).

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

## III. DISCUSSION

Pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c), the circuit court shall grant a motion for summary judgment when the moving party has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We view the evidence in the light most favorable to the non-movant. Kamaka, 117 Hawai'i at 104, 176 P.3d at 103.

### A. Scope of Employment

"Whether an employee is acting within the scope of his or her employment is ordinarily a question of fact to be determined in light of the evidence of the particular case." Wong-Leong v. Hawaiian Independent Refinery, Inc., 76 Hawai'i 433, 441, 879 P.2d 538, 546 (1994). But "where the facts are susceptible of but one reasonable conclusion, the question

3

[whether the employee is acting within the scope of his employment] may become a question of law for the court." Id. at 442, 879 P.2d at 547.

Brown asserts that Arakaki was liable for Marquez's accident under the doctrine of *respondeat superior* because Marquez was acting within the scope of his employment when he collided with Cornell. Under the doctrine, "an employer may be liable for the negligent acts of its employees that occur within the scope of their employment." Id. at 438, 879 P.2d at 543.

The Restatement (Second) of Agency § 228 (1958), cited favorably by the Hawai'i Supreme Court, defines scope of employment as follows:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits; [and]
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master[.]
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Henderson v. Professional Coatings Corp., 72 Haw. 387, 392, 819 P.2d 84, 88 (1991).

As clarified by the supreme court, the applicable test for determining the scope of employment is "whether the employee's conduct was related to the employment enterprise or if the enterprise derived any benefit from the activity." Wong-Leong, 76 Hawai'i at 441, 879 P.2d at 546. Two key factors to consider are: "[(]1) whether the enterprise of the employer would have benefitted by the context of the act of the employee but for the unfortunate injury[] and [(]2) whether the employer's risks are incident to the enterprise." Id. at 441, 879 P.2d at 546 (internal quotation marks, brackets, and citations omitted). The policy justification for the doctrine of *respondeat superior* is that the employer is better situated to spread the risk of

4

loss through insurance and carry the cost as part of its costs of doing business. <u>Kang v. Charles Pankow Associates</u>, 5 Haw. App. 1, 10, 675 P.2d 803, 809 (1984).

> [H]owever, the liability imposed upon the employer is not open-ended and unlimited. The employer's liability is limited by the test of whether the employer's risks are incident to his enterprise, or the "enterprise theory" which finds liability if the "enterprise of the employer would have benefitted by the context of the act of the employee but for the unfortunate injury."

<u>Id.</u> at 11, 675 P.2d at 809-10 (citation omitted).

Brown argues that Marquez was acting to the benefit of Arakaki's enterprise by moving to Maui and driving to work and therefore was acting in the scope of employment when the accident occurred. We disagree. Even taking into consideration the policy justification behind *respondeat superior*, Arakaki's liability is not so expansive. <u>Id.</u> at 10, 675 P.2d at 809.

The undisputed relevant facts of this case are as follows: On December 12, 2007, Marquez was driving to his job as a welder at HC&S Puunene Sugar Mill in Kahului, Maui. Shortly after 6:30 a.m., he collided with the motorcycle operated by Cornell. Under the union contract, Marquez worked five days a week from 7:30 a.m. to 4:00 p.m. Arakaki did not ask Marquez to work overtime, to come in early or stay late, or to use his car to run errands or pick up equipment. All the work Marquez did took place at the job site.

The underlying facts in this case show that at the time of the accident, Marquez was not acting within the scope of his employment. His act was not "of the kind he [was] employed to perform," did not occur "substantially within the authorized time and space limits," nor was "actuated, at least in part, by a purpose to serve [Arakaki]." Restatement (Second) of Agency § 228. His act did not represent a direct benefit to Arakaki nor a risk incident to Arakaki's enterprise. <u>Kang</u> at 9, 675 P.2d at 808. Even though Marquez's arrival at work every day benefitted Arakaki, how he got to work was of no interest to Arakaki. Marquez, by choice, drove his car to work rather than

take transportation Arakaki was mandated to provide. Furthermore, as addressed in the next section, the Hawai'i Supreme Court has determined that driving to and from work generally does not fall under an employee's scope of employment.

B.    "Going and Coming Rule"

Following the majority rule across the nation regarding the "going and coming" rule, the Hawai'i Supreme Court has noted that "[g]enerally, driving to and from work is not considered to be within the scope of employment, unless the employee's position requires him or her to remain on call or the employee is reimbursed for his or her travel." Wong-Leong, 76 Hawai'i at 441 n.9, 879 P.2d at 546 n.9; Smith v. State, Dep't of Labor and Indus. Relations, 80 Hawai'i 150, 154, 907 P.2d 101, 105 (1995).

In Smith, the supreme court cited to 1 Modern Workers' Compensation, § 111.1 (M. Canavan ed. 1993) to clarify the "going and coming" rule:

> Under the going and coming rule, travel between home and work is considered a personal activity since the employee typically performs services which benefit the employer only after his or her arrival at the place of employment; therefore, injuries occurring off the work premises during such travel are generally not compensable.

Smith, 80 Hawai'i at 154, 907 P.2d at 105.

As noted by the supreme court, the "going and coming" rule is subject to an exception if the employer requires the employee to be on call or reimburses the employee for his or her travel. Here, Marquez testified he worked a regular shift, did not work overtime, and was not asked to come in early or work late. Arakaki paid for Marquez's initial flight from Oahu to Maui and ground transportation from the Maui airport. Although Arakaki was required to provide transportation to the job site, Marquez chose to drive his own car. There is no evidence Marquez was reimbursed for mileage or paid for the time it took him to drive to or from work.

Brown asserts that Oahu was Marquez's primary residence and Hilo, where the Arakaki business office was located, was Arakaki's primary business location. Based on these assertions,

Brown contends the "going and coming" rule was not applicable because Marquez was "sent to a remote job site away from his primary residence or away from the employer's primary business location." Brown fails to point to any Hawai'i case law that provides for an exception to the "going and coming" rule when an employee has moved to another island or when the home office of a company is on a different island from the job site where the employee works.

Furthermore, Hawai'i courts have rejected the notion that an action by an employee on temporary assignment to another island necessarily gives rise to *respondeat superior*:

> We do not believe that the respondeat superior doctrine is so pliant that where an employee is hired in one locality and relocated to another by his employer for an indefinite period of time, any act of the employee before, during, or after his working hours is one within the scope of his employment as long as he works for the employer in the latter locality.

Kang, 5 Haw. App. at 9, 675 P.2d at 809.

Viewing the facts in the light most favorable to Brown, we nevertheless conclude that at the time of the accident, Marquez was not acting within the scope of his employment. He was employed as a welder fabricator, not a driver; the accident occurred before work and off the job site; and driving to work was "too little actuated by a purpose to serve the master." See Restatement (Second) of Agency § 228. Driving to work was not "related to the employment enterprise" and Arakaki did not derive any benefit from Marquez's conduct. See Wong-Leong, 76 Hawai'i at 441, 879 P.2d at 546.

We hold there is no genuine issue of material fact and the only reasonable inference and conclusion to draw from the facts is that Marquez's action at the time of the accident did not fall within the scope of his employment. Therefore, Arakaki was entitled to summary judgment as a matter of law.

IV.    CONCLUSION

The Final Judgment filed on July 30, 2010 in the Circuit Court of the Second Circuit is affirmed.

DATED:    Honolulu, Hawaiʻi, June 15, 2012.


On the briefs:

Jan K. Apo
(Law Offices of Jan K. Apo)
for Appellant.

Roy F. Hughes
Charlene S.P.T. Murata
(Hughes & LaFountaine) for
Arakaki Mechanical, LLC
Defendant/Cross-Claim
Defendant/Appellee.

Presiding Judge

Associate Judge

Associate Judge

8